## PELEKINI (w.) *vs.* KAULALII (k.).

### On Appeal.

### January Term, 1887.

Judd, C.J., McCully, Preston and Bickerton, JJ. Fornander, J., absent.

A lease in the Hawaiian language had a clause in it to the purport that the lessor shall not without cause take away the land to lease it anew or sell it to another during the term; but if the lessor without cause take away the land before the lease has expired, the lessee can remain on the land without paying rent; but if the lessor wishes to sell the land, he must sell it to the lessee. The lessor conveyed the land to his wife through a third party, and they mortgaged it, and the land was sold to the plaintiff upon foreclosure. The lessee (defendant) remained in possession and was sued for rent.

Held, that the covenant was repugnant to itself, as the lessee could not remain on and enjoy the premises if he had been dispossessed by the lessor; but the latter part of the covenant is to the effect that the lessee is to be preferred as a purchaser, and so long as he remains in possession, he must pay rent.

Opinion of the Court, by Judd, C.J.

This case comes to us on the defendant's appeal on the law involved.

. The plaintiff claims $80, rent for two years, of the land in question, situated at Kalihi, Oahu, under a lease made on the 1st August, 1870, for twenty years at $40 per year. The lessor conveyed the leased premises to his wife through a third party, and also mortgaged the same, which mortgage has been fore-

closed, and the plaintiff is the purchaser at the mortgage sale.

The lessee paid all rents upon the said property up to the time of the alienation. The question is whether or not the lessee (defendant) was released by the terms of the lease from the liability to pay rent after the alienation.

The lease is in the Hawaiian language and contains the following covenant or condition: "The party of the first part shall not take away without cause (Iawe wale) this land to lease it anew or sell it to another while this lease with the party of the second part remains unexpired.

"But if the party of the first part shall without cause take away the land, before the lease has expired, the party of the second part can remain on the land and work it and seek his own advantage with the deprivation of the party of the second part (of his rent) during the remainder of the term. But if the party of the first part wishes to sell the land, he must sell it to the party of the second part."

The covenant above quoted we must regard as inconsistent and repugnant to itself. A lessee cannot remain on and enjoy the use of the premises if the lessor has taken them away and dispossessed the lessee.

The sale of the reversion during the term could have no effect upon the tenure of the lessee if he paid the rent and kept the covenants, and we are at a loss to see why the sale of the land should be visited with the penalty to the lessor of losing his rent during the remainder of the term. But the parties meant more than a mere alienation of the reversion—they meant also an alienation which would carry with it the possession of the premises to the grantee, for the expression, "the party of the first part shall not take away the land to sell it or to lease *it anew* to another," contemplates this. If the parties intended merely to give the lessee the preference as a purchaser, they have expressed their meaning badly, but that is the only rational construction we are able to put upon it.

He claims, however, that he is freed from his obligation to pay rent by reason of the grant to a third party, although he has not been dispossessed and has continued in possession of

the premises. We are of opinion that no other effect can be given to the language under discussion than that it is a covenant to prefer the lessee as a purchaser, and so long as he remains in possession he must pay rent.

Judgment for plaintiff for $80 and costs.

No appearance of or for the plaintiff.

*S. B. Dole,* for defendant.